PeaksoN, C. J.
On the argument Mr. Winston assumed that the grandmother of the prisoner had one-fourth negro blood-; from this he, inferred that one of his great grand parents had oh e-half negro blood, and one of his great great grand parents was full negro ; and insisted from this fact that the prisoner was. of mixed blood within the meaning of the statute, and, consequently, that negro testimony was competent on his trial.
The record does not present the question ; it is not found as a fact that “the grandmother of the prisoner had one-fourth negro blood.”
His Honor, in making a statement of the case, sets out all the evidence, and his conclusion as a matter of law, that ‘‘"upon this testimony the , witness was competent.” But he does not find or set out the fact or facts upon which this conclusion is based. In other words, he did not have hig-attention called to the difference between “the evidence” and the fact or facts established, by the evidence. So the case comes up in such a condition that this Court cannot revise his decision as to the law, because we do not know upon what state of facts he formed his opinión. It is the *305 province of tbe jury to pass on'the issues .-joined by the pleadings; but when a collateral question arises, as in this instance,, it is the province of the Judge tó decide the questions .of fact as w;ell as of law, and the record' should state the facts found by the Judge, as well as his conclusion as to the law arising on that state -'of facts, so ■ as to put it in the power of this Court to. review _ his opinion as to the law. State vs. Godwin, 5 Ire., 401. It may. be,' when the evidence is clear and there is no conflict, so that if the case was for the jury the J udge would be at liberty to charge “if you believe the witnesses, you will find'for the plaintiff, ’ ’ it would be sufficient for the Judge merely to set out the evidence. But when, as in this instance, the testimony is not clear, and the witnesses on behalf of the State can only give matter of opinion and conjecture, which; is unsatisfactory even to the witnesses themselves, apd there is conflicting testimony offered on the part of the prisoner, it is necessary for the Judge to state his conclusions as to the facts.
..For the sake of illustration, a special verdict instead of finding the facts, merely sets out the evidence, which is unsatisfactory and conflicting. The judge can nof decide the law, for there is no question of law presented ; and if he does undertake to do it, this flourt cannot review his decision, for it can not be known upon what state of facts he based hip opinion ; such is our case. The question is, mfist'the prisoner be prejudiced and-lose his right to have the opinion of the J udge reviewed by this Court, or should there be a venire de novo ?
The general rule is, judgment must be affirmed unless error app'ears ; and it is the misfortune of the appellant, if by reason of an omission in making up the statement of the case, the point on which he relies is .not presented. We are satisfied, however, that this case does not fall under the *306 general rule. There is a defect, not in the statement of the case, but in the record proper ; in this : it does not show the facts on whick the Court decided the law. The illustration drawn from a special verdict, makes the matter and the distinction very clear. Suppose a special verdict sets out the evidence and does not find any fact, and the Court gives judgment, clearly there is error in thé face of the record, and the judgment would be arrested, for there is cc no verdict ” or finding of the facts by the jury.
In our case there is the same error ; the Judge does not find the facts.
As the matter relates to a collateral issue, touching the competency of a witness, its effect is to entitle the prisoner to a venire de novo.
Let this opinion be certified to tho Superior Court of law for Richmond County, that the judgment may be reversed and a venire facias de bovo be awarded.
Note. In the transcript of the record in this cause, as well iu the record proper, as in the case stated by the Judge, the word “ defendant ” was used instead of “ prisoner.” The Court ordered the clerk to strike out the first mentioned word wherever it occurred, and insert “ prisoner.” The same order was made as to the transcripts of the record in otner capital cases, where the like mistake had bien made; and the clerk corrected there’, ml accordingly.